FILED: 1/17/2018 2:15 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Brandi Bouley

CAUSE NO. D180015-C

| | | |
|---|---|---|
| BUEL SAULS AND ELIZABETH SAULS | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | 260th JUDICIAL DISTRICT |
| MARC JONES CONSTRUCTION LLC dba | § | |
| SUNPRO SOLAR AND TODD WOOTEN | § | |
| *Defendants* | § | |
| | § | ORANGE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW BUEL SAULS and ELIZABETH SAULS (hereinafter referred to as "Plaintiffs"), complaining of Defendants, MARC JONES CONSTRUCTION LLC dba SUNPRO SOLAR (hereinafter "SUNPRO SOLAR") and TODD WOOTEN (hereinafter "WOOTEN") and hereby respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.01  Plaintiffs intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES

Plaintiffs' Original Petition                                    1

EXHIBIT A-1

2.01  Plaintiffs, Buel Sauls and Elizabeth Sauls, are individuals and resident of Orange County, Texas and citizens of the State of Texas.

2.02  Defendant, Marc Jones Construction LLC dba Sunpro Solar is a foreign for-profit corporation doing business in the State of Texas. SUNPRO SOLAR may be served with process through its registered agent Sunpro Solar LLC, 720 Clearcreek Ave. #B, League City, Texas 77573.

2.03  Defendant, Todd Wooten, is an individual and resides in Houston, Texas and is a citizen of the State of Texas. Wooten may be served with process at his place of employment at 10690 Shadow Wood Dr., #106, Houston, Texas 77043.

## III.
## JURISDICTION AND VENUE

3.01  This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02  Venue is mandatory and proper in Orange County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see TEX. CIV. PRAC. & REM. CODE § 15.002).

## IV.
## CONDITIONS PRECEDENT

4.01  All conditions precedent to recovery have been performed, waived, or have occurred.

## V.
## RESPONDEAT SUPERIOR

5.01  At all times relevant hereto, WOOTEN was acting in the course and scope of his employment with SUNPRO SOLAR for which SUNPRO SOLAR is liable for his acts and/or omissions.

## VI.
## AGENCY: ACTUAL/APPARENT AUTHORITY

6.01   At all times relevant hereto, WOOTEN was acting as an agent of SUNPRO SOLAR with actual or apparent authority and within the course and scope of their agency relationship.

## VII.
## FACTS

7.01   On or about June 14, 2016, WOOTEN was a sales representative for SUNPRO SOLAR. On said date, and while in the course and scope of his employment with SUNPRO SOLAR, WOOTEN met with Plaintiffs at 995 South Lakeside Street, Vidor, Texas 77662 (Plaintiffs' home) with the intent sell Plaintiffs solar panels. With the intent to persuade Plaintiffs to purchase SUNPRO SOLAR's solar panels, WOOTEN made various representations to Plaintiffs regarding the quality and capabilities of the SUNPRO SOLAR solar panels that WOOTEN knew to be false. Specifically, WOOTEN represented to Plaintiffs that the panels would produce 1500 Kwh of electricity per month, would greatly reduce Plaintiff's electrical bill, and that the panels would pay for themselves through the electricity they generate. Based on WOOTEN's representations, Plaintiffs entered into the contract with SUNPRO SOLAR proposed by WOOTEN.

7.02   On or about July 1, 2016, SUNPRO SOLAR installed the panels onto Plaintiff's roof. SUNPRO SOLAR used inexperienced workers to install the panels. SUNPRO SOLAR improperly installed the panels resulting in roof leaks and water damage to Plaintiffs' home.

7.03   On or about December 14, 2016, a SUNPRO SOLAR supervisor, Shannon Brewer, visited Plaintiffs' property to inspect the solar panels. Mr. Brewer made various representations he knew to be false concerning the cause of the damage. Specifically, Mr. Brewer represented to Plaintiffs that the damage was the result of termites, HVAC leak, and/or improper installation of a furnace pipe.

## VIII.
## 1ST CAUSE OF ACTION: BREACH OF CONTRACT

8.01  Plaintiffs re-incorporate the above paragraphs as if fully stated herein.

8.02  On or about June 14, 2016, Plaintiffs entered into a contract with Defendant, SUNPRO SOLAR to install solar panels on Plaintiffs' roof.

8.03  Plaintiffs performed their contractual obligations under the policy or were excused from performance because of SUNPRO SOLAR's breach.

8.04  SUNPRO SOLAR breached the contract by failing to properly install the solar panels and causing damage to Plaintiffs' property.

8.05  SUNPRO SOLAR's breach caused Plaintiffs to sustain damages.

## IX.
## 2ND CAUSE OF ACTION: NEGLIGENCE

9.01  Plaintiffs re-incorporate the above paragraphs as if fully stated herein.

9.02  SUNPRO SOLAR owed Plaintiffs a duty to use skill and care in the work performed on Plaintiffs' home, to oversee its subcontractors, to properly train and supervise its employees, and to not damage Plaintiffs' property.

9.03  SUNPRO SOLAR breached its duty when it failed to exercise reasonable care by improperly installing the solar panels, creating leaks in Plaintiffs' roof, and using inexperienced employees to oversee the installation project.

9.04  As a result of SUNPRO SOLAR's breach, Plaintiffs sustained damages.

## X.
## 3RD CAUSE OF ACTION: DTPA

10.01  Plaintiffs re-incorporate the above paragraphs as if fully stated herein.

10.02  Plaintiffs are a "consumer" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendants. SUNPRO SOLAR and WOOTEN violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COMM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

10.03  The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

a. Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

b. Breach of express and implied warranties.

10.04  The acts and omissions of Defendants were a producing cause of the Plaintiffs' damages.

10.05  Defendants' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendants had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

10.06  Plaintiffs gave Defendants notice as required by DTPA §17.50(a).

XI.
4TH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

11.01  Plaintiffs re-incorporates by reference the above paragraphs as if more fully stated herein.

11.02  Defendants, SUNPRO SOLAR and WOOTEN sold services to Plaintiffs in relation to the solar panel installation.

11.03  Defendants made representations to Plaintiffs about the quality and characteristics of the services by affirmation of fact, promise, or description. Defendants' representations became part of the basis of the bargain.

11.04  Defendants breached the warranties.

11.05  Plaintiffs notified Defendants of the breach, and as a result of Defendants' breach, Plaintiffs suffered damages.

## XII.
## 5TH CAUSE OF ACTION: TEXAS UCC BREACH OF EXPRESS WARRANTY

12.01  Plaintiffs re-incorporates by reference the above paragraphs as if more fully stated herein.

12.02  Defendants, SUNPRO SOLAR and WOOTEN sold goods to Plaintiffs.

12.03  Defendants made representations about the quality or characteristic of the goods. Defendants' representations became part of the basis of the bargain.

12.04  The goods did not comply with the representations.

12.05  Plaintiffs notified Defendants of the breach, and as a result of Defendants' breach, Plaintiffs suffered damages.

## XIII.
## 6TH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

13.01  Plaintiffs re-incorporates by reference the above paragraphs as if more fully stated herein.

13.02  Plaintiffs paid SUNPRO SOLAR to design and install the rooftop solar panel system on their home.

13.03  The work performed by SUNPRO SOLAR was not performed in a good and workmanlike manner, did not meet industry standards, and did not comply with applicable building codes.

13.04  As a result of Defendant's breach, Plaintiff suffered damages.

## XIV.
## 7th CAUSE OF ACTION: FRAUD

14.01 Plaintiffs re-incorporates by reference the above paragraphs as if more fully stated herein.

14.02 Defendant, WOOTEN made various representations to the Plaintiffs regarding the quality of the solar panels and the amount of electricity the panels would generate.

14.03 At the time WOOTEN made the representations he knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth.

14.04 WOOTEN made these representations with the intent that the Plaintiffs act on them by purchasing the solar panels.

14.05 Plaintiffs relied on the representations and this caused injury.

## XV.
## DAMAGES

15.01 As a direct result of Defendants' conduct, Plaintiffs have suffered economic, consequential, and actual damages in the past and future, for all of which Plaintiff is entitled to recover.

15.02 Pursuant to the DTPA, Plaintiffs are also entitled to recover treble damages because Defendants' conduct was committed knowingly.

15.03 Plaintiffs are entitled to exemplary damages because of the acts and omissions of Defendants, which when viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, involves an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

15.04 Based on the information currently available to Plaintiffs, they believe their damages exceed $200.000.00, but are less than $1.000,000.00 including damages of any kind, penalties,

costs, expenses, pre-judgment interest and attorney's fees, Plaintiffs reserve the right to decrease or increase this amount as further information becomes available.

## XVI.
## ATTORNEY'S FEES

16.01  Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.* and DTPA § 17.50(d), Plaintiffs seek recovery of their reasonable and necessary attorney's fees and court costs.

## XVII.
## REQUEST FOR DISCLOSURE

17.01  Under the authority of the Texas Rules of Civil Procedure 194, Plaintiffs request that the Defendants disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l).

## XVIII
## PRAYER

18.01  For these reasons, Plaintiffs ask that they have judgment against Defendants for their economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themselves entitled.

Respectfully Submitted,

By: _____

Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax

PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY.

_____
Joe Mackleroy

CAUSE NO. _____

| | | |
|---|---|---|
| BUEL SAULS AND ELIZABETH SAULS | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | ___ JUDICIAL DISTRICT |
| MARC JONES CONSTRUCTION LLC dba | § | |
| SUNPRO SOLAR AND TODD WOOTEN | § | |
| *Defendants* | § | |
| | § | ORANGE COUNTY, TEXAS |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT MARC JONES CONSTRUCTION LLC dba SUNPRO SOLAR

TO: Defendant, MARC JONES CONSTRUCTION LLC dba SUNPRO SOLAR, 720 Clearcreek Ave. #B, League City, Texas 77573.

COMES NOW PLAINTIFFS, BUEL SAULS AND ELIZABETH SAULS, and serves this Request for Production on Defendant, MARC JONES CONSTRUCTION LLC dba SUNPRO SOLAR, as allowed by Texas Rule of Civil Procedure 196. Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 50 days after service, at the office of counsel for Plaintiffs, Clint Brasher, Attorney At Law, PC, 6430 Wellington Place, Beaumont, Texas 77706.

### I.
### INSTRUCTIONS

1.01 Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the documents and the document's number.

1.02 For documents that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying the document, you must state the following:

        (1)    The nature of the document (e.g., letter, handwritten note).
        (2)    The title or heading that appears on the document.
        (3)    The date of the document and the date of each addendum supplement, or other addition or change.
        (4)    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the person, you must state the following:

        (1)    The full name.
        (2)    The present or last known residential address and residential telephone number.
        (3)    The present or last known office address and office telephone number.
        (4)    The present occupation, job title, employer, and employer's address.

## II.
## DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

2.01    "Plaintiffs'" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and whether applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with it or under its control, whether directly or indirectly, including any attorney.

2.02    "You" or "your" means Defendant, MARC JONES CONSTRUCTION LLC dba SUNPRO SOLAR, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of MARC JONES CONSTRUCTION LLC dba SUNPRO SOLAR, or its successors, predecessors, divisions, and subsidiaries.

2.03    "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

2.04    "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

2.05 "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

2.06 "Mobil device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic Rolodex, walkie-talkie, or any combination of these devices.

2.07 "Subject property" refers to the property made the basis of this lawsuit located at 995 South Lakeside Street, Vidor, Texas 77662.

Respectfully submitted,

BY:

CLINT BRASHER
Texas Bar No. 24009915
Clint@brasherattorney.com
JOE MUCKLEROY
Texas Bar No. 24065801
Joe@brasherattorney.com
Nishi Kothari
Nishi@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Facsimile
*Attorney for Plaintiff*

## III.
## REQUEST FOR PRODUCTION

1. A complete copy of your file you maintain concerning Plaintiffs.

   RESPONSE:

2. All correspondence between you and any other person, party, or entity concerning the sale or installation of the solar panels at 995 South Lakeside Street, Vidor, Texas 77662.

   RESPONSE:

3. All correspondence between you and any subcontractor that performed work at 995 South Lakeside Street, Vidor, Texas 77662.

   RESPONSE:

4. All correspondence between you and Plaintiffs.

   RESPONSE:

5. All requests for bids regarding the solar panel installation at 995 South Lakeside Street, Vidor, Texas 77662.

   RESPONSE:

6. All bids obtained regarding the solar panel installation at 995 South Lakeside Street, Vidor, Texas 77662.

   RESPONSE:

7. All payments you received for the sale of solar panels to Plaintiffs and/or installation of solar panels at 995 South Lakeside Street, Vidor, Texas 77662.

   RESPONSE:

8. All payments you made, including copies of cancelled checks, to any entity for work performed at 995 South Lakeside Street, Vidor, Texas 77662.

   RESPONSE: