IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BUEL SAULS AND ELIZABETH SAULS, | § § § | |
| *Plaintiffs* | § § | |
| v. | § § § | CIVIL ACTION NO. 1:18-cv-00039-MAC |
| MARC JONES CONSTRUCTION, LLC D/B/A SUNPRO SOLAR AND TODD WOOTEN, | § § § § | |
| *Defendants* | § § § § | |

**DEFENDANT MARC JONES CONSTRUCTION LLC'S
MOTION TO COMPEL ARBITRATION AND DISMISS**

  Defendant Marc Jones Construction, LLC files this Motion to Compel Arbitration and Dismiss pursuant to 9 U.S.C. § 1, *et seq.* and Fed. R. Civ. P. 12(b)(1) & (b)(6). As discussed in the accompanying Memorandum of Law, Plaintiffs entered into a contract for the purchase of goods and services in which they agreed to mandatory arbitration of all claims of the type brought by Plaintiffs in this lawsuit. Accordingly, this Court should compel arbitration of Plaintiffs' claims and dismiss this case with prejudice.

Dated: February 27, 2018

        Respectfully submitted,
        MIDDLEBERG RIDDLE GROUP

        */s/ Chais L. Sweat*
        Chais L. Sweat
        State Bar No. 24062355
        909 Poydras St., Suite 1400
        New Orleans, Louisiana 70112
        (504) 525-7200 – Telephone
        (504) 581-5983 – Facsimile

        ATTORNEY FOR DEFENDANT MARC JONES CONSTRUCTION, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been forwarded to counsel for Plaintiffs via electronic mail and ECF this 27th day of February, 2018.

        */s/ Chais L. Sweat*

## CERTIFICATE OF CONFERENCE

As this is a motion to dismiss, no conference was held prior to the filing of this motion pursuant to the exception to the conference requirement in Local Rule CV-7(i)(1).

        */s/ Chais L. Sweat*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Buel Sauls and Elizabeth Sauls, § § § *Plaintiffs* § v. § § § § **CIVIL ACTION NO. 1:18-cv-00039-** Marc Jones Construction, LLC d/b/a § **MAC** Sunpro Solar and Todd Wooten, § § § *Defendants* § § § § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARC JONES CONSTRUCTION LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS**

Defendant Marc Jones Construction, LLC ("Defendant") submits this brief in support of its motion to compel arbitration and dismiss all claims of Buel Sauls ("Buel") and Elizabeth Sauls (collectively, "Plaintiffs," and together with Defendant, the "Parties"). As discussed below, all of Plaintiffs' claims are subject to an arbitration agreement and should therefore be referred to an arbitrator, and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

## INTRODUCTION

Plaintiffs entered into a contract (the "Contract") for the sale and installation of a residential solar energy system (the "Solar System") with Defendant through Defendant's former employee and salesperson Todd Wooten ("Wooten").[1] The Contract contains a sweepingly broad arbitration clause (the "Arbitration Clause") which requires that "any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration..."

---

[1] Wooten has never been served.

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS**       1

Plaintiffs allege that, in deciding to enter into the Contract, they relied upon knowingly false or reckless misrepresentations made by Wooten regarding the quality of the Solar System, and the amount of electricity it would generate. Plaintiffs further allege that that Defendant improperly installed the Solar System and thereby injured their home due to roof leaks.

Plaintiffs filed this lawsuit against Defendant and Wooten asserting claims for (1) breach of contract, (2) negligence, (3) violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.44 *et seq*. ("DTPA"), (4) breach of express warranty, (5) Texas UCC breach of express warranty, (6) breach of implied warranty, (7) and fraud (collectively, the "Claims" or "Causes of Action").

The facts and issues underlying each of these Claims are inextricably interwoven with and relate to or arise out of the Contract. Based upon Fifth Circuit and Supreme Court precedent, all of the Claims therefore fall well within the broad scope of the Arbitration Clause and an order compelling arbitration and dismissing this case is warranted.

### STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Defendant's motion presents three issues of law to be decided by the court:

1) whether a valid agreement to arbitrate exists between Plaintiffs and Defendant,

2) whether all or a portion of the issues in this dispute fall within the scope of the arbitration agreement, and

3) whether federal statute or policy renders any or all of the claims nonarbitrable

Upon a finding by the Court that a valid arbitration agreement exists between Plaintiffs and Defendant, that all of the issues in dispute fall within the scope of that agreement, and that no federal statute or policy makes such issues nonarbitrable, this Court should compel arbitration and dismiss this case with prejudice.

**RELEVANT FACTUAL BACKGROUND**

I.  **PLAINTIFF'S COMPLAINT**

The scant factual recitations in Plaintiffs' Original Petition ("Petition") focus on two general allegations – 1) Wooten misrepresented how well the Solar System purchased by Plaintiffs under the Contract would perform, and 2) Defendant breached the Contract and related warranties in its performance of its obligations under the Contract.[2] More specifically, Plaintiffs contend Wooten misrepresented that the Solar System would produce 1500 kWh of electricity per month, would greatly reduce Plaintiffs' electric bill, and that the Solar System would pay for itself through the electricity it generated.[3] Plaintiffs allege they entered into the Contract based on Wooten's representations. Plaintiffs appear to claim Wooten's representations were false, but do not provide any specific allegation as to what portions of those representations were false, or the basis upon which they believe them to be false.[4] Plaintiff seeks to impute liability for Wooten's actions to Defendant under the theories of respondeat superior and actual or apparent agency.[5] Plaintiffs further contend that Defendant used inexperienced workers who improperly installed the Solar System, and that the installation resulted in roof leaks which caused water damage to their home.[6]

Each of the Causes of Action arise from these two categories of factual allegations and issues,[7] and each are interwoven with and arise out of or relate to the Contract – either the grounds

---

[2] See Ex. 1 attached hereto, a copy of Plaintiffs' Original Petition filed in the State Court action, at ¶¶ 7.01-7.03, generally (highlights added).

[3] *Id* at 7.01.

[4] *Id* at 14.03.

[5] *Id* at ¶¶ 5-6.

[6] *Id* at 7.02.

[7] *Id* at ¶¶ 8-16.

for Plaintiffs' decision to enter into the Contract or the Parties' performance or failure to perform their respective contractual obligations.

## II.     THE CONTRACT AND THE ARBITRATION CLAUSE

The purpose of the Contract was the Plaintiffs' purchase of a Solar System to generate and provide electricity to the Plaintiffs' shared primary residence.[8]  The Contract includes, under the heading "Arbitration and Legal," a paragraph which states, in pertinent part:

> Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.  In the event of any arbitration or litigation relating to this Contract, the prevailing party shall be entitled to reasonable attorney fees, costs, and expenses.[9]

Nothing in the Arbitration Clause excludes claims related to the Contract that are made against employees of Defendant.

The Contract between Plaintiffs and Defendant was executed on June 15, 2016.[10]  Buel was signatory to the Contract.[11]  The Contract contains a clause whereby Defendant was to provide Plaintiffs a power production guarantee at the time of installation.[12] Per Plaintiffs' Petition, Defendant installed the Solar System on or about July 1, 2016.[13] However, the Petition is silent as to whether Plaintiffs ever received the power production guarantee or what terms the guarantee contained.

---

[8] Ex. 2, Contract between Defendant and Plaintiffs, at Pg. 1-3.
[9] *Id* at Pg. 2 (highlights added).
[10] *Id* at Pg. 1.
[11] *Id.*
[12] *Id* at Pg. 2.
[13] *See* Ex. 1 at ¶ 7.02.

There is no dispute in Plaintiffs' Petition that Plaintiffs entered into the Contract with Defendant, no dispute that the Contract contained the Arbitration Clause, and no dispute that Defendant installed the Solar System.[14]

Despite the existence of the Arbitration Agreement and Plaintiffs' Claims clearly falling within the scope of that Arbitration Agreement, Plaintiffs nevertheless filed their Petition in Texas state court rather than pursuing their Claims through arbitration. Therefore, Defendant removed this action and now moves this court to compel arbitration and dismiss this case.

## LAW & ARGUMENT

"Arbitration is favored in the law." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000). Indeed, the Federal Arbitration Act ("FAA") reflects, and the Supreme Court has reinforced, a strong federal policy favoring arbitration. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 674 (5th Cir. 2006) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628, 105 S. Ct. 3346, 3354 (1985)). The FAA "is a congressional declaration of a liberal policy favoring arbitration." *In re Complaint of Hornbeck Offshore Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). Section 3 of the FAA, 9 U.S.C. § 3, provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. *Id.* If the issues in a case are within the bounds of the arbitration agreement, "the district court has no discretion under [9 U.S.C. § 3] to deny the stay." *Id.*

Even where parties opposed to arbitration allege fraud as to the agreement containing an arbitration clause, the FAA requires that the claim be decided by an arbitrator unless the fraud claim is solely limited to fraud in the inducement as to the arbitration clause. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992). Dismissal, rather than stay, of claims is

---

[14] *See* Ex. 1, generally.

warranted if all claims are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

## I. THE COURT SHOULD COMPEL ARBITRATION

### A. The FAA Promotes Liberal Construction Of Arbitration Agreements, With All Doubts Resolved In Favor of Arbitration

The "principal purpose" of the FAA is to "ensur[e] that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S. Ct. 1740, 1748 (2011). The FAA functions to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible and represents a statutory policy of rapid and unobstructed enforcement of arbitration agreements. *Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 303 (5th Cir. 2016) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S. Ct. 927, 940 (1983)). There is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 297 (5th Cir. 2004), *see also Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (where the contract contains an arbitration clause, there is a presumption of arbitrability). Whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985). The weight of this presumption is heavy. *Id* at 636. In other words, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an alleged defense to arbitrability. *Moses* at 24-25.

### B. The Two-Part Test For Enforcement Of The Contract's Arbitration Clause Is Satisfied Here

Courts perform a two-step inquiry to determine whether to compel a party to arbitrate: first whether parties agreed to arbitrate and, second, whether federal statute or policy renders the claims nonarbitrable. *Dealer Comput. Servs. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886-87 (5th Cir. 2009). The courts divide the first step into two prongs: 1) whether a valid agreement to arbitrate exists, and 2) whether the dispute falls within that agreement. *Id*. Beyond this analysis, the courts generally do not delve further into the substance of the parties' disputes. *Id*.

No federal statute or policy exists that would render any of the Claims nonarbitrable. As such, the Court's inquiry need only delve into the two prongs of step one – both of which are satisfied here.

#### 1. A Valid Arbitration Agreement Exists

When deciding whether the parties agreed to arbitrate the dispute in question, courts generally should apply ordinary state-law principles that govern the formation of contracts. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). When applying the rules of contract law, the court must bear in mind the strong federal policy favoring arbitration. *Id*.

To create an enforceable contract under Texas law, there must be (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *2001 Trinity Fund, LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 449 (Tex. App.—Houston [14th Dist.] 2012). "Meeting of the minds" describes the mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract. *Id*. The determination of a meeting of the minds, and thus offer and acceptance, is

based on the objective standard of what the parties said and did and not on their subjective state of mind.  *DeClaire v. G&B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App.—Houston [1st Dist.] 2008).  A party's signature on a contract is strong evidence that the party unconditionally assented to its terms.  *In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 774 (Tex. App.—Beaumont 2008) (quotations in original).

The Contract itself is evidence of the offer made.  The elements of strict acceptance, meeting of the minds, each Party's consent to the terms, and execution and delivery of the contract with the intent that it be mutual and binding are evidenced by the Parties' counter-execution of the Contract (including initials at the bottom of each page).[15]

Moreover, Plaintiffs do not dispute that they entered into a valid and binding contract under Texas law.  In their Petition, they state "Plaintiffs entered into the contract with Sunpro Solar…"[16]; "Plaintiffs entered into a contract with Defendant, Sunpro Solar to install solar panels on Plaintiffs' roof"[17]; and "Plaintiffs performed their contractual obligations…"[18]  And their Petition also brings multiple causes of action *that inherently rely upon* the existence of a valid and enforceable contract (breach of contract, breach of express warranty, Texas UCC breach of express warranty).[19]

The Contract, and the Arbitration Clause it contains, is thus valid and enforceable under Texas law – fulfillment of all five elements of a valid and enforceable contract noted above are evidenced by the executed Contract itself and the Plaintiffs' own judicial admissions.

---

[15] See. Ex. 2, generally

[16] Ex. 1 at end of ¶ 7.01

[17] Ex. 1 at ¶ 8.02

[18] Ex. 1 at ¶ 8.03

[19] Ex. 1 at pgs. 4-6.

### 2. The Broad Arbitration Agreement Covers Plaintiffs' Claims

The Fifth Circuit distinguishes between broad and narrow arbitration clauses. *Pennzoil Exploration & Production Co. v. Ramco Energy, Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). In *Pennzoil*, the Fifth Circuit held that mandating arbitration of disputes that "relate to" or "are connected with" a subject are "broad arbitration clauses capable of expansive reach," but that agreements mandating arbitration of disputes "arising out of" a subject are narrow. *Id.* (emphasis in original). If the clause is broad, the action should be stayed and the arbitrators – not the district court – should be permitted to decide whether the dispute falls within the scope of the arbitraiton clause. *In re Hornbeck* at 754. Applying that analysis here, there is no doubt that the Arbitration Clause is broad and encompasses Plaintiffs' Claims.

#### a. The Arbitration Provision Should Be Classified As "Broad"

The Arbitration Clause states, "Any controversy or claim arising out of ***or relating to*** this Contract, or the breach thereof, shall be settled by arbitration…"[20] (emphasis added). Because the Arbitration Clause covers any Claim "relating to" the Contract, it is squarely within the definition of "broad" arbitration clauses as defined by *Penzoil*.

#### b. Analyzed Under The Presumption Of Arbitrability Applied To Broad Arbitration Provisions, Plaintiffs' Claims Against Defendant Fall Within The Scope Of The Arbitration Clause

Plaintiffs' Claims can be placed into two categories with separate legal analyses to determine their arbitrability – 1) contract claims, and 2) tort and statutory claims.

---

[20] See Ex. 2, pg. 2.

> 1) **The Contract Claims - Breach of Contract, Breach of Express Warranty, and Texas UCC Breach of Express Warranty Claims**

Plaintiff's Causes of Action for breach of contract, breach of express warranty, and Texas UCC breach of express warranty, on their face, clearly both "arise out of" and "are related to" the Contract.  Therefore, those Claims fall squarely within the scope of the Arbitration Clause.

> 2) **The Tort & Statutory Claims – Negligence, DTPA, Breach of Implied Warranty, Fraud**

Parties to arbitration agreements cannot avoid them by casting their claims in tort, rather than in contract.  *Jureczki v. Banc One Tex., N.A.*, 252 F. Supp. 2d 368, 375 (S.D. Tex. 2003) (citing *Grigson* at 256).  This rule applies even to claims of fraud, negligent and fraudulent misrepresentation, fraud in the inducement, and applies to statutory violations as well.  *Id*; *Minute Med Clinic Grp., LLC v. Absolute MD, LLC*, Civil Action No. 6:17-CV-0025, 2017 U.S. Dist. LEXIS 70169, at *17 (W.D. La. 2017).  Specifically, statutory Texas DTPA claims are subject to arbitration.  *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 338 (5th Cir. 1984).  When determining whether a tort claim falls within the scope of an arbitration clause, courts should focus on the factual allegations in the complaint, not on the characterization of the legal cause of action.  *Coffman v. Provost Umphrey*, LLP, 161 F. Supp. 2d 720, 730 (E.D. Tex. - Beaumont 2001) (citing *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000)).  This is true even where there is a narrow arbitration clause; more so when the arbitration clause is broad.  *Id*.  When applying this rule, the Fifth Circuit has held that the test is whether the tort is "so interwoven with the contract that it could not stand alone."  *Coffman* at 730.  This same test applies to statutory claims.  *Commerce Park* at 338-339.

Each of Plaintiffs' tort and statutory Claims are interwoven with and relate to the Contract, and more important to our analysis, the alleged facts described by the Plaintiffs in support of their Claims are all likewise interwoven with or relate to the Contract. In particular:

- <u>Plaintiffs' Negligence Claim</u> relies upon facts regarding how Defendant performed its obligations under the Contract, and is essentially a breach of contract claim that Plaintiffs have attempted to recast in tort

- <u>Plaintiffs' DTPA Claim</u> relies upon facts regarding how Plaintiffs purchased goods from Defendant subject to the Contract, how Defendant advertised the goods sold under the Contract, and breach of an express or implied warranty that is contained in the Contract and applicable to the goods sold under the Contract

- <u>Plaintiffs' Breach of Implied Warranty Claim</u> relies upon facts regarding Plaintiffs' purchase of goods and services made subject of the Contract, and claims regarding the quality of work performed by Defendant under the Contract

- <u>Plaintiffs' Fraud Claim</u> relies upon facts regarding Wooten's representations about the Contract and the goods sold under the Contract, and that Plaintiffs relied upon such representations when they entered into the Contract

Plaintiffs' contract Claims fall squarely within the Arbitration Clause's scope, and each of Plaintiffs' statutory and tort claims – and the facts pled to support them – are inextricably interwoven with and relate to the Contract. Therefore, all of Plaintiffs' Claims must be referred to arbitration pursuant to the broad Arbitration Clause.

## II.     THIS CASE SHOULD BE DISMISSED

A motion to compel arbitration is generally treated as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim upon which relief

can be granted under Fed. R. Civ. P. 12(b)(6).  *Vine v. PLS Fin. Servs.*, 689 F. App'x 800, 802 (5th Cir. 2017); *see also Palcko v. Airborne Express, Inc.,* 372 F.3d 588, 597 (3d Cir. 2004) (more specifically characterizing motions to compel arbitration as motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)).  Although the express terms of 9 U.S.C. § 3 provide that "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration under an agreement in writing for such arbitration …," the Fifth Circuit has interpreted this language to mean only that the district court cannot deny a stay when one is properly requested.  *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999).  If all issues raised in an action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.  *Alford,* 975 F.2d at 1164.  Any post-arbitration remedies sought by the parties in such cases will not entail renewed consideration and adjudication of the merits of the controversy, but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.  *Id*.  The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.  *Id*.

As discussed at length above, each and every fact, issue, Claim, and Cause of Action in this lawsuit is subject to the Arbitration Clause and must be submitted to arbitration.  As such, staying this action would serve no purpose whatsoever.  If anything, staying this action rather than dismissing it could merely result in wasted time and resources of the Court and Defendant if Plaintiffs fail to pursue their Claims in arbitration, and Defendant is required to come back to this Court and request a final dismissal following Plaintiffs' abandonment.  Under the facts and the great weight of authority in support, this action should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court compel arbitration and dismiss this case with prejudice.

Dated: February 27, 2018

>Respectfully submitted,
>MIDDLEBERG RIDDLE GROUP
>
>/s/ Chais L. Sweat
>Chais L. Sweat
>State Bar No. 24062355
>909 Poydras St., Suite 1400
>New Orleans, Louisiana 70112
>(504) 525-7200 – Telephone
>(504) 581-5983 – Facsimile
>
>ATTORNEY FOR DEFENDANT MARC JONES CONSTRUCTION, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been forwarded to counsel for Plaintiffs via electronic mail and ECF this 27th day of February, 2018.

>/s/ Chais L. Sweat